```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA         :    INFORMATION
     - v. -                      :
                                 :    S1 06 Cr. 504 (GEL)
ISRAEL CRUZ,                     :
         Defendant.              :
- - - - - - - - - - - - - - - - -x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 2 8 2006

## COUNT ONE

The United States Attorney charges:

1.   In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

2.   It was a part and an object of the conspiracy that ISRAEL CRUZ, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds for the purpose of executing such scheme and artifice, to wit, CRUZ participated in a scheme to obtain identifying information of credit card holders, obtain and activate, by telephone, credit cards in the

name of those cardholders without authorization, and use the credit cards to buy things of value, in violation of Title 18 U.S.C. § 1343.

## OVERT ACTS

3. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. In or about August 2004, a co-conspirator not named herein ("CC-1"), picked up boxes containing credit reports and other personal customer information in the Bronx, New York, that had been removed at CC-1's direction from a car dealership in the Bronx (the "Bronx Car Dealership") without the knowledge or authorization of the Bronx Car Dealership.

    b. At some time after August 2004, CC-1 picked up a credit card in the Bronx from a DHL delivery vehicle, at the direction of Jose Paredes.

    c. In or around mid-2004, CRUZ picked up a credit card in the Bronx from a DHL delivery vehicle, at the direction of, and using identification provided by, Jose Paredes.

(Title 18, United States Code, Section 1349.)

-2-

<u>COUNT TWO</u>

The United States Attorney further charges:

4.  In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, and sounds for the purpose of executing such scheme and artifice, to wit, CRUZ participated in a scheme to obtain identifying information of credit card holders, obtain and activate, by telephone, credit cards in the name of those cardholders without authorization, and use the credit cards to buy things of value.

(Title 18, United States Code, Sections 1343 and 2.)

COUNT THREE

The United States Attorney further charges:

5. In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1029(a)(2) of Title 18, United States Code.

6. It was a part and an object of the conspiracy that ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did traffic in and use one or more unauthorized access devices during a one-year period, and by such conduct would and did obtain things of value aggregating $1,000 and more during that period, in violation of Title 18, United States Code, Section 1029(a)(2).

OVERT ACTS

7. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  The allegations in Overt Acts a through c, in Paragraph 3 of Count One of this Information are realleged and incorporated by reference as though fully set forth herein.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT FOUR

The United States Attorney further charges:

8.  In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did traffic in and use one or more unauthorized access devices during a one-year period, and by such conduct did obtain things of value aggregating more than $1,000 during that period, to wit, CRUZ participated in a scheme to obtain identifying information and account information of credit card holders, obtain and activate, by telephone, credit cards in the name of those cardholders without authorization, and use the credit cards to buy things of value.

(Title 18, United States Code, Sections 1029(a)(2) and 2.)

## COUNT FIVE

The United States Attorney further charges:

9.  In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others

known and unknown, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did traffic in and use one or more unauthorized access devices during a one-year period, and by such conduct did obtain things of value aggregating more than $1,000 during that period, to wit, CRUZ participated in a scheme to obtain identifying information and account information of credit card holders, use that information to access existing retail-store credit card accounts held by those individuals, and use the credit card accounts to buy things of value.

(Title 18, United States Code, Sections 1029(a)(2) and 2.)

## COUNT SIX

The United States Attorney further charges:

10. In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did traffic in and use one or more unauthorized access devices during a one-year period, and by such conduct did obtain things of value aggregating more than $1,000 during that period, to wit, CRUZ participated in a scheme to obtain identifying information and account information of credit card holders, use that information to open new credit card accounts at various retail stores in the names of those individuals and use those accounts

to buy things of value.

(Title 18, United States Code, Sections 1029(a)(2) and 2.)

## COUNT SEVEN

The United States Attorney further charges:

11. In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1028(a)(7) of Title 18, United States Code.

12. It was a part and an object of the conspiracy that ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully and knowingly, in an offense affecting interstate commerce, would and did transfer and use, without lawful authority, one and more means of identification of another person with the intent to commit, and to aid and abet, and in connection with, an unlawful activity that constitutes a violation of Federal law, to wit, Section 1029(a)(2) of Title 18, United States Code, and that constitutes a felony under an applicable State law, to wit, N.Y. Penal Law § 155.30, a class E felony, and as a result of such offense, would obtain things of value aggregating $1,000 and more during a one-year period, in violation of Title 18, United States Code, Section 1028(a)(7).

OVERT ACTS

13. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. The allegations in Overt Acts a through c, in Paragraph 3 of Count One of this Information are realleged and incorporated by reference as though fully set forth herein.

(Title 18, United States Code, Sections 1028(f) and 1028(b)(1)(D).)

COUNT EIGHT

The United States Attorney further charges:

14. In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, in an offense affecting interstate commerce, did transfer and use, without lawful authority, a means of identification of another person with the intent to commit, and to aid and abet, and in connection with, an unlawful activity that constituted a violation of Federal law, to wit, Section 1029(a)(2) of Title 18, United States Code, and that constituted a felony under an applicable State law, to wit, N.Y. Penal Law § 155.30, a class E felony, and as a result of the offense, an individual committing the offense obtained things of value aggregating $1,000 and more

during a one-year period, to wit, CRUZ participated in a scheme to obtain identifying information and account information of credit card holders, obtain and activate, by telephone, credit cards in the name of those cardholders without authorization, and use the credit cards to buy things of value.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), and 2).

## COUNT NINE

The United States Attorney further charges:

15. In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, in an offense affecting interstate commerce, did transfer and use, without lawful authority, a means of identification of another person with the intent to commit, and to aid and abet, and in connection with, an unlawful activity that constituted a violation of Federal law, to wit, Section 1029(a)(2) of Title 18, United States Code, and that constituted a felony under an applicable State law, to wit, N.Y. Penal Law § 155.30, a class E felony, and as a result of the offense, an individual committing the offense obtained things of value aggregating $1,000 and more during a one-year period, to wit, CRUZ, the defendant, participated in a scheme to obtain identifying information and account information of credit card holders, to use that

information to access existing retail-store credit card accounts held by those individuals, and use the credit card accounts to buy things of value.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), and 2.)

## COUNT TEN

The United States Attorney further charges:

16.     In or about 2004, in the Southern District of New York and elsewhere, ISRAEL CRUZ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, in an offense affecting interstate commerce, did transfer and use, without lawful authority, a means of identification of another person with the intent to commit, and to aid and abet, and in connection with, an unlawful activity that constituted a violation of Federal law, to wit, Section 1029(a)(2) of Title 18, United States Code, and that constituted a felony under an applicable State law, to wit, N.Y. Penal Law § 155.30, a class E felony, and as a result of the offense, an individual committing the offense obtained things of value aggregating $1,000 and more during a one-year period, to wit, CRUZ, the defendant, participated in a scheme to obtain identifying information and account information about credit card holders, use that information to open credit card accounts at various retail stores in the names of those individuals and use those accounts to buy

things of value.

(Title 18, United States Code, Sections 1028(a)(7),
1028(b)(1)(D), and 2.)

## COUNT ELEVEN

The United States Attorney further charges:

17. In or about July 2004, in the Southern District of New York and the District of Connecticut, ISRAEL CRUZ, the defendant, unlawfully, willfully and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, credits, assets, securities and other property owned by and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, CRUZ deposited, and attempted to deposit, counterfeit checks at various banks in Connecticut and in Manhattan, New York, and thereafter received cash from the banks for those checks.

(Title 18, United States Code, Section 1344.)

## FORFEITURE ALLEGATIONS

18. As the result of committing one or more of the offenses in violation of Title 18, United States Code, Sections 1028, 1029, 1343 and 1349, alleged in Counts One through Ten of

-11-

this Information, ISRAEL CRUZ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses.

19. As the result of committing the offenses in violation of Title 18, United States Code, Section 1029 alleged in Counts Three through Six of this Information, ISRAEL CRUZ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 1029(c)(1)(C), all personal property used and intended to be used to commit the offense alleged in Counts Three through Six of this Information.

20. As the result of committing the offenses in violation of Title 18, United States Code, Section 1028 alleged in Counts Seven through Ten of this Information, ISRAEL CRUZ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 1028(b)(5), all personal property used and intended to be used to commit the offense alleged in Counts Seven through Ten of this Information.

21. As the result of committing the offenses in violation of Title 18, United States Code, Section 1344, as alleged in Count Eleven of this Information, ISRAEL CRUZ, the

defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses.

<u>Substitute Asset Provision</u>

22.   If any of the above-described forfeitable property, as described in paragraphs 18 through 19, and 21, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982, 1028(b)(5), 1028(g), 1029(c)(1)(C), 1029(c)(2), 1343, 1344, 1349, and Title 28, United States Code, Section 2461(c).)

*Michael J. Garcia*
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ISRAEL CRUZ,

    Defendant.

INFORMATION

06 Cr.

(18 U.S.C. §§ 1349, 1343, 1029(b)(2), 1029(a)(2), 1028(f), 1028(b)(1)(D), 1028(a)(7), 1344 and 2)

    MICHAEL J. GARCIA
United States Attorney.